UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 07-110 (RJL) |
| v. : | |
| PAULETTA JACKSON, : | |
| Defendant. : | |

## UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to four months of imprisonment, followed by three years of supervised release. In support thereof, the United States respectfully states the following:

Background

1.  On January 8, 2006, Pauletta Jackson (the "defendant") was working as a nursing supervisor at the Washington Home and Hospice Healthcare nursing home, located at 3720 Upton Street, N.W., Washington, DC. While acting as a nursing supervisor, the defendant signed a receipt acknowledging delivery of sixty (60) oxycodone pills for a patient and thereby obtained possession of the pills.

2.  Instead of delivering the pills to the proper location – a locked medicine cart on the patient's assigned floor for dispensation to the patient – the defendant placed the pills in her

purse and removed them from the nursing home. In an attempt to avoid detection of her offense, when questioned about the pills, the defendant told a supervisor that she placed the pills in a desk at the facility and did not double-check to make sure that they were still there at the end of her shift.

3. On April 25, 2007, the defendant was charged in a one-count information with Obtaining a Controlled Substance by Fraud, in violation of 21 U.S.C. §843(a)(3).

4. To her credit, the defendant accepted responsibility for her conduct at an early stage in these proceedings. On May 11, 2007, the defendant pled guilty to the information in accordance with a written plea agreement with the United States. Under the plea agreement, the defendant acknowledged the applicable statutory penalties associated with this charge, including – due to her prior conviction under 21 U.S.C. § 843(a)(3) – a maximum sentence of eight years of imprisonment. See 21 U.S.C. § 843(d)(1). The United States agreed not to further prosecute the defendant for conduct in the Statement of the Offense, and also agreed not to prosecute the defendant for an incident in October 2003 in which she is alleged to have illegally obtained three Percocet pills. The United States also conditionally agreed to recommend a two-level downward adjustment for acceptance of responsibility, as set forth in § 3E1.1(a) of the United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G").

## Statutory Penalties

6. Pursuant to Title 21 United States Code, Section 843(a)(3) and (d)(1), the charge contained in the information carries a penalty of a term of imprisonment of not more than eight years, a fine not to exceed $250,000, and a term of supervised release of not more than three

years.  In addition, the defendant must pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia.

## Sentencing Guidelines

7.      Under the Sentencing Guidelines, based on the information set forth in the Presentence Investigation Report ("PSR"), the defendant's base offense level is 8.  U.S.S.G. §2D2.2.  The offense level is adjusted upward two levels for an abuse of a position of trust or use of a special skill, since the defendant, by virtue of her position of trust and special skills as a nurse – and a supervisory nurse at that – had special access to the oxycodone denied to the general public, thereby facilitating the commission of the offense.  This adjustment yields an adjusted offense level of 10.  However, the United States recommends a two-level downward adjustment for acceptance of responsibility.  U.S.S.G. § 3E1.1(a).  Based on the information in the PSR, then, and assuming the above adjustments are accepted by the Court, the defendant's total offense level is 8.  The defendant's criminal history score is three, placing her in criminal history Category II.  U.S.S.G. Chapter 5, Part A.  Accordingly, the defendant's applicable guideline range of incarceration is 4 to 10 months of imprisonment.  U.S.S.G. Chapter 5, Part A.  The Sentencing Guidelines also provide for a period of supervised release of at least two years, but not more than three years.  U.S.S.G. §5D1.2(a)(2).  The fine range under the Sentencing Guidelines is $1,000 to $10,000.  U.S.S.G. §5E1.2(c)(3).

## Sentencing Recommendation

8.      The government recommends that the defendant be sentenced to four months incarceration, followed by three years of supervised release.  The government's recommendation, which falls at the low end of the defendant's applicable Sentencing Guidelines range, is

reasonable. In <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the Sentencing Guidelines violates the Sixth Amendment. The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). <u>Booker</u>, 124 S. Ct. at 764. The Court upheld the remainder of the Sentencing Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Sentencing Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described therein. <u>See</u> 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." <u>Booker</u>, 124 S. Ct. at 766.

9. In <u>Booker</u>'s wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. <u>See</u> Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." <u>Booker</u>, 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). In fact, as the Supreme Court recently recognized, the sentencing court – when it considers the appropriate sentencing factors under 18 U.S.C. Section 3553(a) – and the Sentencing Guidelines "both carry out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." <u>Rita v. United States</u>, 551 U.S. ---, No. 06-5754, slip op. at 9 (June 21, 2007). As a result, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of

sentences that might achieve §3553(a)'s objectives." Id. at 11.  Moreover, a Guidelines sentence also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences.  A sentence of four months of incarceration, within the defendant's Sentencing Guidelines range, satisfies this goal.

10.     A sentence within the Sentencing Guidelines range is also appropriate for this defendant based on the facts of this case, when viewed in conjunction with the defendant's criminal history and her conduct during the commission of the crime here.  Indeed, the recommended sentence of four months imprisonment is supported by the factors to be considered by sentencing courts as articulated in 18 U.S.C. Section 3553(a).  That provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history; (2) the seriousness of the offense and the need to promote respect for the law and punishment; (3) potential deterrence; (4) protecting the public; and (5) the rehabilitative needs of the defendant.  Id.

11.     The defendant's conduct in this case warrants a sentence such as the recommended one that reflects the seriousness of the offense, the defendant's criminal history, and the need to promote respect for the law and punishment.  This incident involved a serious breach of trust in which the defendant in effect intercepted sixty (60) oxycodone pills that were en route to be administered to a patient.  Moreover, the defendant has two prior convictions, one in 2001 also for violating 21 U.S.C. 843(a)(3) and another in 1999 for Theft.  In both cases, the defendant illegally obtained controlled substances from an institution at which she was working as a nurse.

12.     The sentence recommended by the United States also balances the above considerations with the defendant's rehabilitative needs. As documented in the PSR, the defendant has a significant history of substance abuse and mental illness that is likely in part the cause of her criminal conduct. Therefore, the defendant should be provided the opportunity to avail herself of substance abuse and other appropriate mental health counseling while on supervised release. At the same time, the recommended sentence recognizes that, despite past attempts at treatment, her criminal conduct has continued. Indeed, in her prior period of supervised release, as documented in the PSR, the defendant struggled with continued drug use, was non-amenable to supervision after probation resources were exhausted, and eventually left the jurisdiction without permission from the court (albeit, apparently, for treatment purposes). Eventually, the court revoked the defendant's supervised release.

13.     Finally, none of the factors enumerated in 18 U.S.C. § 3553(a) suggest an appropriate reason or extraordinary circumstance for the Court to depart from the recommended range or to impose a non-guidelines sentence.

WHEREFORE, based upon the above, and the information reflected in the presentence report, the United States respectfully recommends a sentence of a period of four months of incarceration, followed by a three year period of supervised release.

        Respectfully,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY

By:       /s/
TIMOTHY J. KELLY
ASSISTANT U.S. ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the United States' Amended Memorandum in Aid of Sentencing was served upon counsel of record for the defendant, Michelle Peterson, 625 Indiana Avenue, NW, Suite 550, Washington, DC 20004, this 16th day of July, 2007.

                                              /s/
                                      TIMOTHY J. KELLY